**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-20545

LILLIE PLUMBER-WILLIAMS

Plaintiff - Appellant

v.

ALTA HEALTH AND LIFE INSURANCE COMPANY; HARTFORD LIFE &
ACCIDENT INSURANCE COMPANY

Defendants - Appellees

Appeal from the United States District Court for the Southern District of
Texas at Houston

Before REAVLEY, DAVIS, and BENAVIDES, Circuit Judges..
PER CURIAM:[*]

After reviewing the pleadings and the summary judgment evidence along
with the briefs and argument of counsel, we reverse the judgment of the district
court for the following reasons:

I.

The plaintiff alleged the necessary facts to assert all of the elements of a
breach of contract claim in her amended complaint and it was unnecessary for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

her to specifically allege that she intended to maintain her breach of contract action. Accordingly, the plaintiff adequately pled a breach of contract action.

## II.

With respect to the plaintiff's non-contractual actions governed by a two year statute of limitations, we are satisfied that cause of action on those claims accrued no earlier than on April 28 or 29, 2005 when a payment due under the policy was due and not paid. Thus the statute of limitations on these claims would not have run until two years later or on April 28 or 29, 2007. Plaintiff's suit on April 16, 2007 was therefore timely. Prescription on these claims only accrued when the insurer's denial resulted in some damage or detriment to the policyholder. *See, e.g., Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990) (holding that limitations commenced when the insurer wrongfully denied coverage because the insured "was unable to obtain much-needed medical attention . . . and had sufficient facts that day to assert her . . . claim"); *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 223 (Tex. 2003) (holding that the insurer denied the insured's claim when it informed him that he was not entitled to $7,500 in past benefits, demanded repayment of the $7,500, and refused to provide continuing coverage under the terms of the insurance policy).

For the above reasons, the judgment of the district court is reversed and the case is remanded to the district court for further proceedings consistent with their opinion.

REVERSED.